[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure matter brought by the plaintiff National Lumber, Inc. (hereinafter referred to as National) against the defendants Mary L. Morgan and James L. Morgan (hereinafter referred to as the Morgans). The Morgans have filed an answer to National's complaint and also a Third Party Complaint against the defendants Robert Podolsky and Sandra Viscuso' CT Page 441 (hereinafter referred to as Podolsky and Viscuso, respectively). The defendants Podolsky and Viscuso have filed an answer and five special defenses to the Third Party Complaint. The Morgans have filed a reply to each of said special defenses. There were two other defendants in the matter, namely Union Trust Company and Blake Bursey, Robert Giula and Donald Ibsen, Jr., d/b/a Action Remodeling. The defendant Union Trust Company appeared by counsel but did not participate in the trial. They were a defendant by virtue of a mortgage then placed on the subject premises dated June 16, 1988 and recorded on the appropriate land records on June 20, 1988 in an amount of $75,000.00. The defendants Blake Bursey, Robert Giula and Donald Ibsen, Jr., d/b/a Action Remodeling, were named defendants by virtue of a mechanic's lien they filed on the subject premises dated July 13, 1987 and recorded July 15, 1987 in the amount of $10,000.00. These defendants did not appear either by counsel or pro se in this matter.
The Morgans are the owners of 27 South Avenue, North Haven, Connecticut, hereinafter referred to as the "subject premises." The Morgans, Podolsky and Viscuso all testified during this trial. Also testifying was Vincent Wantroba who was the credit manager for National in 1986 and 1987, Attorney Gerald P. Ryan, the attorney for National, Albert Fucci, an appraiser, and Robert Curtiss Anderson, a contractor who worked on the renovations on the Morgans' home.
On October 26, 1986, the Morgans entered into a contract with Podolsky (Morgans' Exhibit 1) whereby Podolsky was going to construct a sizeable addition onto the Morgans' home at 27 South Avenue, North Haven, Connecticut, for $55,675.00. From the testimony the court found that this addition would have approximately doubled the size of the subject premises. Of this sum $14,300.00 was to be paid as a deposit and $19,530.00 was to be paid when the work commenced. The Morgans paid both of these sums totalling, $33,830.00 to Podolsky as required by the contract.
The defendant Mary L. Morgan testified that on or about June 12, 1987 Mr. Podolsky came to her and stated that his wife said the framing is done and another payment was due. The Morgans refused to make another payment and Podolsky refused to do any further work under the contract. From a reading of the contract and from the testimony given at trial, this court finds that another payment under the terms of said contract was not due at that time.
On or about June 11, 1987, National sent a memo to the Morgans asking them to call National regarding the material delivered to their house (Defendants Morgans' Exhibit 3). The Morgans subsequently learned that Podolsky had not paid $10,369.96 CT Page 442 for material he had delivered to and used on the Morgans' new addition. When Mrs. Morgan asked Podolsky about the aforesaid memo on June 11, 1987, she testified he stated he did not know what the memo was about and he became very angry.
On May 1, 1987 Podolsky signed an addendum to the contract (Defendants Morgans' Exhibit 2) whereby he agreed to pay the Morgans expenses for all work not completed by June 13, 1987, including any costs of care to Mrs. Morgan's mother that might be incurred due to the failure to complete said house addition. Mrs. Morgan testified that the house was being enlarged so that her mother, who was ill, could live with her. Her mother subsequently died before the house addition was ever completed.
The parties attempted to resolve their differences during the summer of 1987, but to no avail. However, on July 24, 1987, National filed a mechanic's lien certificate against the subject premises for $10,369.96. Then, in late September 1987, the Morgans retained Robert Curtiss Anderson to finish framing their new addition, finish the roof which included a new roof on the existing home, and to do the finished carpentry work. He was paid between $31,000.00 and $33,000.00 for this work. He testified that he had to remove three layers of shingles from the existing home and had to reroof said house because the structure would only allow for two layers of shingles to be put on the roof. Podolsky testified he put on one new layer of roof shingles over a single layer. As a result the roof on the existing home and on the new addition are not plumb because when the three layers of shingles were removed, it left a difference of one-half inch between said roofs. Mr. Anderson stated there were space differences between the walls and floors of the existing home and the addition thereto. Mr. Podolsky testified that he had closed in the new addition before he finished working on the subject premises, reshingled the existing home and cut out the window and door areas. (See Defendants Morgans' Exhibits 4A, 4B, 4C and 4E). After hearing the testimony the court finds that the Morgans had somewhat modified the addition when Mr. Anderson was hired from what was set forth in Podolsky's contract. Mr. Podolsky worked on the subject premises from November 1986 to June 1987 and Mr. Anderson worked on said premises from September 1987 to October 1988.
Mr. Anderson was a neighbor of the Morgans who lived in close proximity to them.
Podolsky was from a state other than Connecticut and in order for him to obtain credit to purchase supplies and materials from National, Sandra Viscuso signed a credit application with National along with Podolsky. (See Exhibit A). Viscuso is a twenty-five year employee of the United Postal Service and owned her own home CT Page 443 in Connecticut. The defendants Robert Podolsky and Sandra Viscuso married on June 1, 1987 and remain married today. The Morgans alleged that Viscuso is a partner or owner of BP Remodeling. However, this court does not find that the Morgans proved that allegation by a fair preponderance of evidence in this trial. This court finds that Sandra Viscuso was not an owner of BP Remodeling and, in fact, only lent her good credit standing to help her future husband obtain credit to carry on his business known as BP Remodeling.
Gerald P. Ryan, attorney for National, testified that he received checks totalling $15,500.00 in May 1990 to pay on accounts owed by Podolsky. One of these checks was for $5,000.00 drawn on the United States Postal Credit Union. Sandra Viscuso said she paid that check and also signed a note to pay $6,000.00 to National on accounts for which she was liable to them. These accounts included materials National delivered to the Morgans' home. Attorney Ryan stated that there is no balance presently due on the account for materials that were delivered to the Morgans' home. Sandra Viscuso testified she only signed a credit application with National to obtain credit up to $1,500.00. (Exhibit A). No one could satisfactorily explain to the court how she became liable to National for more than that amount. She also testified that she has not made any payments to National on the $6,000.00 note she signed with them. This $6,000.00 amount represents interest on accounts on which she owed them monies as per her testimony.
On May 19, 1989 National assigned their rights in this matter to the defendants Podolsky and Viscuso. (Morgans' Exhibit 5). Then, on May 23, 1990, National attempted to correct the assignment of May 19, 1989 with a new assignment (Exhibit C) assigning their rights in this matter to only the defendant Viscuso. Podolsky testified he owed National monies for the Morgan job when he left the said job, but he did not know how much without his papers.
Thus, in this matter Sandra Viscuso is seeking to obtain National's right to foreclose a mechanic's lien on the subject premises. This foreclosure right came about when Robert Podolsky, the husband of Sandra Viscuso, purchased materials from National which he used on the subject premises. Podolsky did not pay National for these materials even though the Morgans, the owners of the subject premises, had paid him for them. Then, subsequently, Podolsky's wife, Sandra Viscuso, paid National for said materials.
The court denies the plaintiff's claim to foreclose its mechanic's lien on the subject premises because it has been paid in full for the debt on which the mechanic's lien is based. The CT Page 444 court further denies the claim of Sandra Viscuso to foreclose on said mechanic's lien on the subject premises because her payment on the underlying debt was made due to the fact she had a credit account with National. Further, to allow Sandra Viscuso to foreclose on said mechanic's lien would be unconscionably under the facts of this case. The property owners, the defendants Mary L. Morgan and James L. Morgan, paid $33,830.00 to the defendant Robert Podolsky, part of which was for the materials provided by National and for which they placed a mechanic's lien on this property.
On April 15, 1988, the State of Connecticut, through the Commissioner of Consumer Protection, brought a cause of action against Robert Podolsky for violations of Connecticut's Unfair Trade Practices Act, under Connecticut General Statute 42-110a et seq. This resulted in a judgment being entered against Podolsky by Judge Harold Mulvey on January 4, 1990 in the amount of $53,978.79 on behalf of four complainants, one of whom was the defendant James Morgan. This judgment was entered by default and damages were determined after a hearing. In this judgment the plaintiffs were awarded $33,830.00 for their restitution claim. None of this sum has been paid to date. However, the Morgans have received a payment of $10,000.00 under Connecticut's Home Improvement Guaranty Fund, Connecticut General Statute 20-432. (See court file, State of Connecticut v. Robert Podolsky, Docket #270534, New Haven Superior Court).
The next issue in this case is the defendants Morgans' Third Party Complaint where they are making a claim for damages. The defendant Mary L. Morgan testified that she and her husband paid out the following sums as a result of Podolsky's failure to carry out the terms of the contract he had with them:
Payment to Mr. Anderson 31,000.00
Payment to a plumber 8,900.00
Payment to an electrician 8,200.00
Payment for siding 5,750.00
Payment to a mason 5,750.00
Payment for roof gutters 671.00
Payment to install tile 897.00
Payment for a drywall 5,971.00
Legal fees 2,000.00 CT Page 445
 Payment for convalescent care for Mary L. Morgan's mother 4,000.00 (See Morgans' Exhibit 2)
 These sums total $106,969.00 when you include the $33,830.00 payment to Mr. Podolsky.
The defendants Podolsky and Viscuso claim that the Morgans' claims for damages is res judicata based on the aforementioned judgment entered by Judge Mulvey. They cite the case of Carey v. Avco Lycoming Division, Avco Corp., 163 Conn. 309 for this proposition. That is one of the five special defenses Podolsky and Viscuso filed to the Third Party Complaint. After hearing the evidence, the court does not find that the Morgans sustained their burden of proof on any of the damage claims in their Third Party Complaint. There was a lack of evidence to support any of those damage claims by the Morgans. The court does find that as to the sum of $33,830.00 claim of damages for the monies paid by the Morgans to Podolsky, that that claim is res judicata by reason of Judge Mulvey's aforesaid judgment. However, this court makes no finding as to whether the remaining claims for damages by the Morgans are barred by res judicata as the court has found that the Morgans have not sustained their burden of proof on those claims for damages.
At the conclusion of the evidence, the defendant Sandra Viscuso made a Motion to Dismiss the Third Party Complaint as to her for the failure by the third party complainants to make out a prima facie case against her. The court reserved decision on that motion and now hereby denies said motion.
Thus the court denies the action of both National Lumber, Inc. and Sandra Viscuso to foreclose a mechanic's lien on property owned by the defendants James L. Morgan and Mary L. Morgan at 27 South Avenue, North Haven, Connecticut, for the reasons stated hereinbefore. The court further orders that the said mechanic's lien is hereby released. Further, the court finds the issues for the defendants Sandra Viscuso and Robert Podolsky on the Third Party Complaint for the reasons stated hereinbefore.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, JUDGE